IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 5:23-cr-63 (MTT) |
| | : | |
| JULIAN DERWAYNE COKER, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER ON MOTION FOR RECONSIDERATION OF DETENTION**

On January 18. 2024, following a hearing pursuant to 18 U.S.C. § 3142(f)(1), the Court entered an order that Defendant be detained pending trial. (Doc. 79). In its order of detention, the Court found that Defendant had presented sufficient evidence to rebut the presumption of detention under 18 U.S.C. § 3142(e)(3), but further found by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community and by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure the defendant's appearance as required. This finding was based on the weight of the evidence against the Defendant, the likelihood of a lengthy period of incarceration if convicted, and Defendant's prior criminal history. The order noted that Defendant is alleged to be the leader of a major drug trafficking conspiracy linked to a criminal street gang and involving multiple controlled purchases and the seizure of approximately 25 pounds (more than 11 kilograms) of methamphetamine. The order further observed that Defendant had two previous felony drug convictions, including a

previous federal conviction in this Court for possession of cocaine base with intent to distribute.

Defendant has now filed a renewed motion for reconsideration of the order, asking the Court to reopen the evidence and enter an order setting conditions of release pursuant to 18 U.S.C. § 3142(f). (Doc. 222). 18 U.S.C. § 3142(f) provides that a Magistrate Judge may reopen a detention hearing at any time if the judge "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

Defendant's motion to reopen the detention hearing sets forth no such new information. Defendant's motion is based on the health of his mother. At the detention hearing, Defendant argued that he was not likely to flee because he was the sole caretaker for his mother, who was in poor health and awaiting a hip replacement procedure. The Court took those arguments into account in deciding the issue of detention. The new information presented in Defendant's present motion is that Defendant's mother, following her surgery, has had difficulty finding a ride to physical therapy appointments and has recently experienced a fall. This information is not materially distinct from the information the Court took into consideration during the initial detention hearing. The Court was well aware then, as it always is, that a defendant's pretrial detention can often have a negative impact on family members. Detention decisions depend on the history and characteristics of the defendant, however, and in this case Defendant has not presented new information that is material to his own risk of flight and danger to the community.

Because Defendant's motion provides no basis for reconsideration of the original decision, and for the reasons set forth on the record in the proceedings of January 11, 2024, and in the written Order of Detention (Doc. 79), Defendant's motion for reconsideration of detention (Doc. 222) is **DENIED**. Defendant shall remain in custody pending trial of the case.

**SO ORDERED**, this the 21st day of May, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge