**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **JULIAN DERWAYNE COKER,** | : | |
| | : | |
| **Movant,** | : | |
| | : | |
| **v.** | :**Case No. 5:23-cr-63-MTT-CHW-1** | |
| | : | **Civil Case No.: 5:26-cv-00125-MTT** |
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Proceedings Under 28 U.S.C. § 2255** |
| **Respondent.** | : | **Before the U.S. Magistrate Judge** |
| | : | |

## ORDER

Before the Court is a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 filed by Movant Julian Derwayne Coke, *pro se*. (Doc. 466). After conducting an initial review in  accordance with the provisions of Rule 4 of the Rules Governing Section 2255 Proceedings for  the United States District Courts, the Court is unable to conclude that the instant Motion  is  subject to summary dismissal.

**IT IS THEREFORE ORDERED** that within **thirty (30) days** of the date of this Order, Movant shall  amend his motion to include every unalleged possible constitutional error or deprivation entitling his to federal habeas corpus relief, failing which Movant will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial motion. If amended, Movant will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial and amended motions.

**IT IS FURTHER ORDERED** that the United States Attorney **RESPOND** to Movant's claims by filing an answer or other responsive pleading pursuant to Rule 5 of the Rules

1

Governing Section 2255 Proceedings for the United States District Courts within **sixty (60) days** of the date of this Order.

*Motion to Compel (Doc. 464)*

Just prior to the Court's receipt of Movant's §2255 motion, the Court also received Movant's motion to compel, in which Movant asks the Court to make his plea counsel provide a complete copy of his case file to him. (Doc. 464). The motion was filed in anticipation of filing a § 2255 motion, which Movant has now done. Therefore, his motion to compel is **DENIED as moot**.[1]

**SO ORDERED**, this 8th day of April, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

[1] Had the motion been received for filing any earlier, the motion would still have been denied because a defendant is not entitled to the documents that he seeks. Discovery in anticipation of filing a §2255 motion is not permitted. *United States v. Cuya*, 964 F.3d 969 (11th Cir. 2020); *see also Id.* at 972 (citing *Skinner v. United States*, 434 F.2d 1036, 1037 (5th Cir. 1970) ("We have consistently help that where a federal prisoner has not attempted to file a petition collaterally attacking his conviction, he is not entitled to obtain copies of court records at the government's expense under 28 U.S.C. § 2255 to search the record for possible error.")