IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

JULIAN DERWAYNE COKER,   :
             :
  **Movant,**      :
             :
  **v.**        :  **Case No. 5:23-cr-63-MTT-CHW**
             :
UNITED STATES OF AMERICA,  :
             :
  **Respondent.**    :
             :

**ORDER**

Pending before the Court is Movant Julian Coker's motion for extension of time to reply to the Government's response to his § 2255 motion. (Doc. 482). He explains he is awaiting the arrival of certain documents, including discovery materials and his sentencing transcript, before submitting his next brief. (*Id*.) Upon reviewing the docket, no motion for discovery appears. *See Docket*. It appears that Movant requested documents from the clerk's office in several letters and the Clerk responded and explained how to obtain those documents.  For reasons explained below, the pending motion (Doc. 482) in **GRANTED in part** and **DENIED in part**.

A previous request for Movant's prior counsel to produce his case file (Doc. 464) was denied as moot because the request was filed in anticipation of Movant's § 2255 motion, which was filed before the request was considered. (Doc. 467). The Government has responded to the § 2255 motion as directed, arguing that Movant's motion should be denied based on his inability to show prejudice, his appeal waiver, and other legal arguments. (Doc. 479). Movant has now requested an extension of time to reply to the Government's response until he receives certain documents from his case, including his sentencing transcript and "discovery packet." (Doc. 482).

Now that Movant has a filed § 2255 motion, his request for case documents is ripe for consideration under 28 U.S.C. § 753, which authorizes "free transcripts for indigent defendants 'in criminal proceedings,' 'in habeas corpus proceedings,' or when pursuing a non-frivolous appeal." *United States v. Bennett*, 2024 WL 3673721, (M.D. Fla. Aug. 6, 2024). The Court is not in possession of a "discovery package" and no specific motion for discovery appears on the docket. As for the remaining documents, Movant does not have an absolute right to a free transcript or documents from the clerk's file. He must show that his § 2255 motion is not frivolous and a transcript is needed to decide the issues he has raised. *See U.S. v. MacCollum*, 426 U.S. 317, 325-326 (1976) (*citing* 28 U.S.C. § 753(f)). Having preliminarily reviewed Movant's §2255 motion, the Court cannot say that a transcript or the other requested documents are needed to decide the issues before the Court at this time. Moreover, Movant has not demonstrated that the requested documents are required to decide the grounds he raised. He simply says he needs the documents and cannot afford to pay.

The Clerk of Court has previously explained how Movant may obtain the documents he seeks. (Doc. 476). Based on the foregoing, to the extent Movant seeks his sentencing transcript and other case documents without payment, the motion (Doc. 482) is **DENIED**. However, his request for an extension of time to file a reply brief is **GRANTED**. Movant's reply brief is due July 31, 2026.

**SO ORDERED**, this 17th day of June, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge